verdict of acquittal because there was no evidence that the defendant had been lawfully arrested. The same argument was made in the former appeal and held to be without merit. It is further contended that the evidence is insufficient because there was no specific proof of the charge in the indictment that the purpose of the bribe was to cause the agents "to release and refrain from appearing against" the defendant in the pending proceeding. We think the evidence was sufficient to enable the jury to find that the purpose of the defendant in paying the money was to secure his release. The evidence in this respect is the same as at the former trial, which we held to be sufficient. Many other errors are assigned, directed at the charge to the jury and at the refusal of the court to give certain requested instructions. We have considered the charge, and are of the opinion that the assignments of error are without merit.

The judgment is affirmed, and the mandate will issue forthwith.

The first assignment of error is that the court refused to direct a verdict for defendant at the close of the government's case; the second, that the court overruled defendant's motion for a verdict at the close of all the evidence; the third, that the court refused to set the verdict of guilty aside as inconsistent with a verdict of not guilty on another count of the indictment, the other count charged the manufacture of whisky by defendant at another time and place; the following thirteen assignments are directed to instructions given by the court and to those asked for by defendant and refused; and the seventeenth and last assignment is that the judgment and sentence were excessive.

After a careful examination and consideration of the record in the respects challenged by these assignments, we are of the opinion that each and all of them are obviously without merit.

The judgment appealed from is affirmed, and mandate will issue forthwith.

Caeser BOGILENO, Appellant, v. UNITED STATES of America, Appellee.

No. 447.

Circuit Court of Appeals, Tenth Circuit.

Sept. 24, 1931.

William T. Burris, of Pueblo, Colo., for appellant.

Jean S. Breitenstein, of Denver, Colo. (Ralph L. Carr, U. S. Atty., and John G. Reid, Asst. U. S. Atty., both of Denver, Colo., on the brief), for the United States.

Before LEWIS and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This is an appeal from a judgment on a verdict of guilty, for that appellant manufactured intoxicating liquor, to wit, whisky, at the David Garcia ranch, about six miles south of the city of Durango, in La Plata county, Colo., as charged in an indictment.

We have read the record, and there can be no doubt that the verdict is fully supported by proof.

DES MOINES TERMINAL CO. v. DES MOINES UNION RY. CO. et al. (CHICAGO GREAT WESTERN R. CO. et al., Interveners).

No. 4332.

District Court, S. D. Iowa, Central Division.

Aug. 26, 1929.

